# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52163

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

STEPHEN JOSEPH JOHNSON,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed:  July 30, 2026

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Nancy A. Baskin, District Judge.

Judgment of conviction for burglary and petit theft, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; T. Michael MacEgan, Deputy Attorney General, Boise, for respondent.

TRIBE, Chief Judge

Stephen Joseph Johnson appeals from his judgment of conviction for burglary and petit theft.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Johnson entered a retail store, filled his cart with over $600 worth of merchandise, and then exited the store without paying.  The following day, Johnson went to a different location of the same retailer and was apprehended by loss prevention after attempting to leave the store with over $2000 worth of merchandise.  Thereafter, the State charged Johnson with burglary and petit theft stemming from the first incident.[1]

---

[1]     Johnson was charged separately for the subsequent act conduct, and that matter is not at issue in this appeal.

Prior to trial, the State filed a notice of intent to introduce evidence under Idaho Rule of Evidence 404(b), seeking to introduce evidence of Johnson's subsequent act as relevant to establish his identity, motive, opportunity, intent, preparation, and plan. Johnson objected, and the district court held a hearing. The district court found the evidence was relevant to the issue of intent and that the probative value was not substantially outweighed by the danger of unfair prejudice. A jury found Johnson guilty of burglary (Idaho Code § 18-1401) and petit theft (I.C. §§ 18-2403(2)(a), -2407(2), -2409). Johnson appeals.

## II.

## STANDARD OF REVIEW

We review questions of relevance de novo. *State v. Jones*, 167 Idaho 353, 358, 470 P.3d 1162, 1167 (2020); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012). A trial court's determination under I.R.E. 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Johnson argues the district court abused its discretion in admitting I.R.E. 404(b) evidence at trial. Specifically, Johnson asserts the evidence of his subsequent act (i.e., the alleged theft at the retail store's other location the next day) was not relevant to a material, disputed issue and does not show intent for the prior act at issue. Johnson further argues the evidence of his subsequent act should have been excluded under an I.R.E. 403 analysis as the probative value was substantially outweighed by the danger of unfair prejudice. The State responds that it was required to prove that Johnson entered the store with specific intent, regardless of whether he placed his intent in dispute; thus, the I.R.E. 404(b) evidence was admissible. Further, the State contends the district court did not err in admitting the I.R.E. 404(b) evidence because the evidence was relevant for

2

nonpropensity purposes and that the probative value of such evidence was not outweighed by any danger of unfair prejudice. We hold Johnson has failed to show the district court abused its discretion in admitting I.R.E. 404(b) evidence or in finding that the I.R.E. 404(b) evidence's probative value was not unduly prejudicial.[2]

## A.     Relevance

Johnson challenges the district court's admission of the evidence of his subsequent act under the intent exception to I.R.E. 404(b). Idaho Rule of Evidence 404(b) provides:

> (1)     Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> (2)     Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

This rule prohibits introduction of evidence of acts other than the crime for which a defendant is charged if its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior. *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009). Of course, evidence of another crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule. *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012).

When determining the admissibility of evidence to which an I.R.E. 404(b) objection has been made, the trial court must first determine whether there is sufficient evidence of the other acts that a reasonable jury could believe the conduct actually occurred. If so, then the court must consider: (1) whether the other acts are relevant to a material and disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. *Grist*, 147 Idaho at 52, 205 P.3d at 1188; *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009). On appeal, this Court defers to the trial court's determination that there is sufficient evidence of the other acts if it is supported by substantial and competent evidence in the record. *Parmer*, 147 Idaho at 214, 207 P.3d at 190. In this case, Johnson does not challenge the existence of the subsequent act as an established

---

[2]     Because we hold the district court did not abuse its discretion and affirm Johnson's judgment of conviction, we need not reach the State's harmless error argument.

fact. Therefore, we address only the relevancy and unfair prejudice issues. We exercise free review, however, of the trial court's relevancy determination. *State v. Sheldon*, 145 Idaho 225, 229, 178 P.3d 28, 32 (2008). The trial court's balancing of the probative value of the evidence against the danger of unfair prejudice will not be disturbed unless we find an abuse of discretion. *State v. Norton*, 151 Idaho 176, 190, 254 P.3d 77, 91 (Ct. App. 2011).

Johnson asserts the district court abused its discretion in allowing the State to introduce evidence of his subsequent act under I.R.E. 404(b) as relevant to show his intent to commit the burglary and petit theft in this case. Specifically, Johnson argues that intent was not relevant to a material and disputed issue in the case and that, therefore, the evidence was improperly heard at trial. The State argues that, based on *State v. Ehrlick*, 158 Idaho 900, 354 P.3d 462 (2015), whether the issue of intent is disputed is an irrelevant inquiry. In *Ehrlick*, the Idaho Supreme Court held that, in specific intent cases, intent need not be disputed to make evidence admissible to prove intent under I.R.E. 404(b). *Ehrlick*, 158 Idaho at 915, 354 P.3d at 477. Whether Johnson disputed it or not, because burglary is a specific intent crime, his intent was a material issue. Johnson also contends that evidence of the subsequent act has no relevance in determining intent on the prior day. However, this Court has held that there is no per se rule prohibiting evidence of subsequent acts from being admitted. *See State v. Greensweig*, 102 Idaho 794, 798, 641 P.2d 340, 344 (Ct. App. 1982) (holding that evidence of subsequent similar acts was probative of whether requisite intent was present). Accordingly, Johnson has failed to show the district court erred in admitting evidence of his subsequent act under I.R.E. 404(b).

## B.     Idaho Rule of Evidence 403

Johnson contends the district court abused its discretion in finding that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. Johnson claims the subsequent act evidence induced the jury to believe he was "more likely to have committed theft and burglary" on the prior day because he committed theft on the following day. He argues that such an inference is the type of inference I.R.E. 404(b) is designed to prevent. The State responds that the subsequent act evidence was not unduly prejudicial because it was not likely to inflame the jury, nor was it suggestive of criminal propensity but, rather, it was informative of a plan or scheme of Johnson's intent to steal. Finally, the State asserts the district court gave the jury a limiting instruction, specifically directing the jury to consider the subsequent act evidence

4

only for purposes allowed under I.R.E. 404(b). We conclude that using evidence of Johnson's subsequent bad act to show his intent, when intent was at issue, does not rely on the implication of his criminal propensity but is informative of a plan or scheme of Johnson's intent to steal from the same retailer. Because the admissible evidence of the subsequent act was probative of Johnson's criminal intent on the day in question, there is little risk the evidence was unduly prejudicial. Any potential risk of prejudice was further mitigated by the district court's limiting instruction, and we presume that the jury followed the district court's instruction. *See State v. Kilby*, 130 Idaho 747, 751, 947 P.2d 420, 424 (Ct. App. 1997); *State v. Hudson*, 129 Idaho 478, 481, 927 P.2d 451, 454 (Ct. App. 1996). Therefore, the district court did not abuse its discretion in finding that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.

## IV.

## CONCLUSION

Johnson has failed to demonstrate the district court abused its discretion in admitting evidence under I.R.E. 404(b) because the evidence was relevant and was introduced for a nonpropensity purpose. Further, the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. Accordingly, Johnson's judgment of conviction for burglary and petit theft is affirmed.

Judge LORELLO and Judge FLEMING, **CONCUR**.